IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-1481-GPG

LAZARO AGUILAR, Inmate No. 1480278,

    Plaintiff,

v.

COLORADO STATE PENITENTIARY; and
SAINT THOMAS MORE HOSPITAL,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff Lazaro Aguilar is in the custody of the Colorado Department of Corrections, currently incarcerated at the Sterling Correctional Facility in Sterling, Colorado. Plaintiff initiated this action on July 13, 2015 by filing *pro se* a Prisoner Complaint. (ECF No. 1).

    In his Complaint, Plaintiff alleges that he was mistreated by various medical providers at the Colorado State Penitentiary ("CSP") with respect to his medical needs on a number of different occasions. As to Saint Thomas More Hospital ("STMH"), Plaintiff alleges he received inadequate medical care on February 24, 2015, when he was transported from the CSP to STMH, after he was involved in a fight. He seeks monetary and injunctive relief.

    Before this Court conducted its initial review pursuant to D.C.COLO.LCivR 8.1(b), Plaintiff served Defendant STMH with his complaint. On September 9, 2015, STMH filed a Motion to Dismiss (ECF No. 8) claiming that the complaint should be dismissed

against it because this court lacks subject matter jurisdiction and Plaintiff fails to state a claim upon which relief may be granted. STMH argues it is a private non-profit hospital and should not be considered a state actor for purposes of a § 1983 claim.

On September 10, 2015, the Court directed Plaintiff to file an amended complaint or, in the alternative, to file a response to STMH's Motion to Dismiss. (ECF No. 13). In response, on September 29, 2015, Plaintiff filed a document entitled "Motion of Amend" (ECF No. 16), which the Court construed as a Motion for leave to amend. Because the Court already directed Plaintiff to file an amended complaint, the Court denied the motion for leave to amend as moot. (ECF No. 19).

After receiving an extension of time, Plaintiff filed an Amended Complaint (ECF No. 25) and a Response to the Motion to Dismiss Complaint (ECF No. 26) on November 12, 2015. On November 25, 2015, STMH filed a Reply to the Motion to Dismiss and a Motion to Dismiss Plaintiff's Amended Complaint. (ECF No. 30). On December 11, 2015, the Court ordered Plaintiff to respond to Defendant's Motion to Dismiss his Amended Complaint no later than January 11, 2016. (ECF No. 32).

Plaintiff failed to timely respond, but in an abundance of caution, on January 28, 2016, the Court issued an order allowing Plaintiff an additional opportunity to file a Second Amended Complaint. (ECF No. 38). When filing his Second Amended Complaint, the Court directed Plaintiff that: (1) it must be on the court-approved complaint form; (2) it must contain allegations that STMH, a private corporation, should be considered a state actor for purposes of imposing liability under § 1983; (3) if STMH is considered a state actor, Plaintiff must allege specific facts that demonstrate he suffered an injury caused by an "official policy or custom" of STMH; (4) CSP is entitled

2

to Eleventh Amendment immunity and therefore, is not a proper party to this action; (5) if he adds additional defendants, he must assert personal participation by the named defendants in the constitutional violation; and (6) finally, he must adequately allege a constitutional violation of deliberate indifference to a serious medical need.

In response, Plaintiff filed a Second Amended Complaint on March 18, 2016. (ECF No. 46). The Court must construe the Second Amended Complaint liberally because Mr. Aguilar is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Second Amended Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Aguilar has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 4). Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). For the following reasons, the Second Amended Complaint will be dismissed as legally frivolous.

**I.     Defendant STMH**

In the Court's January 28, 2016 Order, Magistrate Judge Gallagher directed Plaintiff to provide allegations that STMH should be considered a state actor for purposes of imposing liability under § 1983.  In addition, Magistrate Judge Gallagher also directed Plaintiff in the January 28, 2016 Order that even if STMH is considered a state actor, it cannot be held liable under § 1983 based on the doctrine of respondeat superior. (ECF No. 38 (citing *Selhime v. Carlson*, 12-cv-02876-RBJ-CBS, 2013 U.S. Dist. LEXIS 185297, at *27 (D. Colo. Nov. 12, 2013) ("St Thomas More Hospital 'cannot be liable under § 1983 based on the doctrine of *respondeat superior*.'" (citations omitted))).  Instead, Plaintiff must allege specific facts that demonstrate he suffered an injury caused by an official policy or custom of STMH. *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (holding that traditional municipal liability principles apply to claims brought pursuant to 42 U.S.C. § 1983 against private corporations).

In the Second Amended Complaint, Plaintiff alleges that STMH is contracted by the State of Colorado to provide medical treatment for Colorado prisoners. (ECF No. 47 at 6).  It is not necessary to determine if Plaintiff's allegations are sufficient for STMH to be considered a state actor, because the Second Amended Complaint fails to allege any official policy or custom of STMH that was responsible for the alleged constitutional violation.  As already noted, STMH cannot be liable under § 1983 on a doctrine of respondeant superior.  Therefore, all claims against STMH are dismissed as legally frivolous.

## II.     Defendant CSP

All of the constitutional claims asserted against Defendant CSP pursuant to § 1983 are barred by Eleventh Amendment immunity.  Eleventh Amendment immunity extends to states and state agencies deemed "arms of the state" that have not waived their immunity, regardless of the relief sought.  *Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252–53 (10th Cir. 2007).  The CSP is not a separate entity apart from the Colorado Department of Corrections (CDOC), which is a state agency and is entitled to Eleventh Amendment immunity. *See Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988) (immunity of CDOC).  Congress did not abrogate Eleventh Amendment immunity through § 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). Magistrate Judge Gallagher warned Plaintiff in the January 28, 2016 Order that the CSP was entitled to Eleventh Amendment immunity and, therefore, was not a proper party to this action.  Thus, Mr. Aguilar's claims against CSP must be dismissed.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Second Amended Complaint (ECF No. 47) and this action are dismissed with prejudice as legally frivolous.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this  31st  day of   March         , 2016.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court